RUTH DAVIDSON, Plaintiff and Appellant, v. DAVID R. DAVIDSON, Defendant and Respondent.

Russell E. Parsons for Plaintiff and Appellant.

Zeman & Fischer and B. D. Fischer for Defendant and Respondent.

WOOD, P. J.—Appeal by plaintiff from an order recalling a writ of execution, vacating the order authorizing its issuance, and restraining the levy of further writs.

In June 1950, plaintiff (wife) and defendant (husband) made a property settlement agreement which stated, among other things, that they would convey certain real property (duplex apartment house and lot) to plaintiff and their two children; one of the units was rented for $75 a month, and plaintiff would pay that rent to the Home Owners Loan Corporation to be applied to the $2,500 encumbrance which was on the property; defendant would pay for all necessary re-

pairs and maintenance of the property; upon the sale of the property, or in the event of the divorce of the parties and the remarriage of plaintiff, she would pay to defendant an amount equal to one-half the market value of the property at the time of the sale, or remarriage, whichever occurred first.

In October 1950, plaintiff obtained an interlocutory judgment of divorce, wherein defendant was ordered to pay $15 a week for the support of plaintiff and $12.50 a week for the support of each child. The final judgment was entered November 27, 1951.

On October 30, 1954, plaintiff married Mr. Jones.

On June 14, 1961, plaintiff filed an affidavit ''for issuance of writ of execution'' on the judgment against defendant. She stated therein that defendant had not made any payment for her support for the period of time from November 1, 1951, to June 3, 1961; the total amount unpaid for her support was $7,470; defendant had not made any payment for the support of Markene (one of the children) for the period from November 1, 1951, to the time when Markene became of age in November 1954; the total amount unpaid for the support of Markene was $1,950; defendant had not made any payment for the support of Bonnie (the other child) for the period from November 1, 1951, to the time when Bonnie became of age in May 1957; the total amount unpaid for the support of Bonnie was $3,600. A writ of execution for $13,020 was issued (this amount covered the time to 1961, which included time after her remarriage in 1954).

 Defendant's motion to recall the writ of execution was made upon the ground that the judgment had been fully satisfied.

In his affidavit, filed in connection with the motion, he stated in effect that he had paid in cash, or by making payments on the encumbrance or by payments for maintenance, taxes, and insurance on the property, the full amount due under the judgment prior to plaintiff's remarriage; that such payments were also sufficient to pay for the amount due under the judgment for Markene to the time she became of age; that after the remarriage of plaintiff he paid to Bonnie, with the consent of plaintiff, the amounts due under the judgment for the support of Bonnie. He attached to the affidavit certain documents which he asserted were summaries showing the payments he had made. Those summaries show that he made payments, as follows: encumbrance, $2,729.57; taxes

and assessments, $714.09; repairs, $1,492.35; insurance, $77.50; and "junk haul," $48.18. The summaries also show that, according to defendant's computations, the amount that would have been due to plaintiff in cash (if he had not made the other payments) was $3,005.

The record on appeal consists of a clerk's transcript only. Appellant states that no reporter was present at the hearing of the motion, and that the appeal is upon the clerk's transcript and exhibits. (No exhibits have been submitted to this court.)

It appears from the briefs herein that plaintiff and defendant testified at the hearing. It appears from the clerk's transcript that after the hearing a minute order was made which provided as follows: "The order for issuance of the writ of execution on June 14, 1961 is vacated. The writ is ordered recalled. Plaintiff is restrained from levying any further writs. It is the finding of this Court that the judgment heretofore entered is satisfied."

Appellant (plaintiff) contends that the evidence does not support the finding that the judgment was satisfied. She concedes that she is not entitled to alimony for the period subsequent to her remarriage. She states that the claim in her affidavit for alimony subsequent to remarriage was "obviously an error." She argues to the effect that since defendant admitted in his affidavit that he had not paid in cash the full amount which became due under the judgment for the period prior to her remarriage, the court should have found that the judgment was not satisfied. She argues further that the rent collected from the real property was "turned over" to defendant, with the result that the payments made by defendant on the encumbrance were made with money which he received from her; the other payments made by defendant in connection with the real property were obligations of defendant under the provision of the property settlement agreement (that defendant would pay for all repairs and for maintenance of the property).

Defendant states that there was no evidence that the rent collected by plaintiff was "turned over" to defendant.

As above indicated, the property settlement agreement stated that rent collected by plaintiff would be paid by her to the Home Owners Loan Corporation in payment of the encumbrance. Whether plaintiff paid the rent to that corporation or to defendant was a question of fact for the determination of the trial court. A finding that plaintiff did not

pay the rent to defendent is implied in the finding that the judgment is satisfied. Since the appeal is upon the clerk's transcript only, it will be assumed that there was evidence sufficient to support the finding that plaintiff did not pay the rent to defendant.

As above indicated, the property settlement agreement provided that defendant would pay for the repairs and for maintenance of the property. By reason of that provision, the payments made by defendant for repairs should not be credited on the amount which became due under the judgment. There is no provision in the agreement with respect to the payment of taxes or insurance. Plaintiff and defendant testified at the hearing. It will be assumed that the evidence was sufficient to support an implied finding that the parties did not intend that the defendant should pay taxes, assessments, or insurance.

As above indicated, the amount defendant admitted, in his affidavit, that he had not paid to plaintiff, in cash, was $3,005; the payments made by him on the encumbrance (as listed in the summaries) were in the total amount of $2,729.57; the total amount he had paid for taxes, assessments, insurance, and junk hauling was $839.77. In other words, the amount he allegedly paid (not including amounts paid for repairs) was $3,569.34. That amount, of course, was more than the $3,005, which he admitted he had not paid, in cash, to plaintiff.

Plaintiff states that there was a conflict in the evidence as to whether she authorized defendant to make payments direct to Bonnie, and therefore she is not raising any issue as to those payments.

■ Appellant made a motion for reconsideration of the order from which this appeal is taken. Her motion was denied. In her brief she states that she has appealed from the order denying her motion for reconsideration. The record does not show that she has appealed therefrom. In any event, such an order is not appealable.

The order appealed from is affirmed.

Fourt, J., and Lillie, J., concurred.